# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

INFORMATION ASSOCIATED WITH THE )
CELLULAR TELEPHONE ASSIGNED CALL )
NUMBER 321-960-1899, THAT IS STORED AT )
PREMISES CONTROLLED BY VERIZON WIRELESS )
)
)

Case No. 20-903M(NJ)

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property over which the Court has jurisdiction pursuant to Title 18, United States Code, Sections 2703 and 2711:

   See Attachment A

I find that the affidavit(s) or any recorded testimony, establish probable cause to search and seize the person or property described above and that such search will reveal:

   See Attachment B

**YOU ARE COMMANDED** to execute this warrant ON OR BEFORE _March 26, 2020_ (*not to exceed 14 days*)
☐ in the daytime between 6:00 a.m. and 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☒ for __30__ days (not to exceed 30)      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _March 12, 2020_

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin

Nancy Joseph, U.S. Magistrate Judge
*Printed Name and Title*

## Return

| Case No: 20-903M(NJ) | Date and time warrant executed: 3/13/20  5:09pm | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of:
N/A Serviced via Tech Agent to Verizon

Inventory of the property taken and/or name of any person(s) seized:

N/A- Ping Records for 321-960-1899 (Verizon)

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the undersigned judge.

Date: 04/06/2020

_____
Tiffany Burns
*Executing officer's signature*

Tiffany Burns/Special Agent
*Printed name and title*

Subscribed, sworn to, and returned before me this date:

Date: 4/6/2020

_____
Nancy Joseph
*United States Magistrate Judge*

## ATTACHMENT A

### Property to Be Searched

1.  Records and information associated with the cellular device 321-960-1899 (referred to herein and in Attachment B as "the Target Cell Phone"), that is in the custody or control of Verizon Wireless (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 180 Washington Valley Road, in Bedminster, NJ 07921.

2.  The Target Cell Phone.

## ATTACHMENT B

## Particular Things to be Seized

### I.       Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

   a. The following information about the customers or subscribers associated with the Target Cell Phone for the time period **October 23, 2019 through the present:**

      i.   Names (including subscriber names, user names, and screen names);

      ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. Local and long distance telephone connection records;

      iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v.   Length of service (including start date) and types of service utilized;

      vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the Target Cell Phone for a period of 45 days from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

3

c. Information about the location of the Target Cell Phone for a period of up to 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

v. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

vi. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of violations of 18 U.S.C. §§ 371 (Conspiracy), 373 (Solicitation to Commit a Crime of Violence), 842(p) (Distribution of Information Relating to Explosives, Destructive Devices, and Weapons of Mass Destruction), 1366 (Destruction of an Energy Facility), and 2339A (Providing Material Support to Terrorists) involving CHRISTOPHER BRENNER COOK, JACKSON SAWALL (SAWALL), JONATHAN ALLEN FROST a/k/a KAXUL (FROST a/k/a KAXUL) and other unidentified subjects during the period October 23, 2019, through the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the

4

government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

5